**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

THE CHARTER OAK FIRE
INSURANCE COMPANY,

    Plaintiff,

v.              CIVIL ACTION NO. 3:25-0409

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This declaratory-judgment action aims to resolve disputes about Defendant Liberty Mutual Fire Insurance Company's obligations under an insurance contract. The parties submit that two of these disputes are ripe for adjudication: (1) "[t]he date on which Liberty Mutual['s] . . . duty to defend A.L.L. Construction arose," and (2) "the amount of defense costs and fees incurred by [Plaintiff] The Charter Oak Fire Insurance Company . . . in its defense of A.L.L. Construction that Liberty Mutual may be required to reimburse ." ECF No. 22, at 1.

**BACKGROUND**

A.L.L. Construction, Inc. is the general contractor for a construction project in Huntington, West Virginia. ECF No. 1, Compl. ¶ 19. A.L.L. subcontracted West Virginia Paving, Inc. (WVP) to provide paving for the project. *Id.* ¶ 20.

After construction began, a woman named Charlottee Smith allegedly fell and was injured due to A.L.L. and WVP's negligent work. *See* Compl., Ex. 4 ¶¶ 13–14. She sued both businesses in West Virginia state court. Compl. ¶ 27. After Smith and WVP settled, WVP was dismissed from

the lawsuit. *See id.* ¶ 31. A.L.L., however, filed a third-party complaint against WVP, seeking to require WVP to defend and indemnify A.L.L. against Smith's claims. ECF No. 8, at 3. Plaintiff, A.L.L.'s primary insurer, *see* Compl. ¶ 8, then initiated the present action. After the Court denied Defendant's Motion to Dismiss, *see* ECF No. 11, Defendant undertook A.L.L.'s legal defense, *see* ECF No. 19, at 2. Now, the parties dispute whether Defendant must compensate Plaintiff for expenses Plaintiff incurred defending A.L.L. before Defendant assumed the defense. *See id.* at 3.

As part of A.L.L.'s subcontract, WVP agreed to maintain liability insurance coverage for itself and A.L.L. *See* Compl., Ex. 3 §§ 3.A.7, 3.B. WVP purchased insurance from Defendant. *See* Compl., Ex. 2, at 13.[1] The insurance policy covers "any person or organization for whom" WVP is "performing operations when [WVP] and such person or organization have agreed . . . that such person or organization be added as an additional insured . . . ." *Id.* at 1663. The policy only covers such entities up to "the amount. . . [r]equired by [their] contract or agreement" with WVP. *Id.* at 1664.

Under the policy, Liberty Mutual agrees to defend insureds from suits seeking covered damages. ECF No. 25, Def.'s Resp., Ex. A 33.[2] Liberty Mutual also agrees to defend "an indemnitee of [an] insured" if both the indemnitee and the insured are named as parties to a covered lawsuit and provided certain conditions are met. *Id.* at 41. One such condition is that "[t]he indemnitee and the insured ask [Liberty Mutual] to conduct and control the defense of that indemnitee against such 'suit' and agree that [Liberty Mutual] can assign the same counsel to defend the insured and the indemnitee . . . ." *Id.*

---

[1] When citing to a specific page of this document, the Court uses the page number found on the top right-hand corner of the page.

[2] When citing to a specific page of this document, the Court uses the page number found on the top right-hand corner of the page.

The policy provides that "attorneys' fees incurred . . . in the defense of [an] indemnitee, necessary litigation expenses incurred by [Liberty Mutual] and necessary litigation expenses incurred by the indemnitee at [Liberty Mutual's] request will be paid as Supplementary Payments." *Id.* The policy further states the insured is "responsible for [paying] all supplementary payments." Def.'s Resp., Ex. B 90. [3] (emphasis omitted).

### ANALYSIS

Defendant argues it has no obligation to reimburse Plaintiff for costs it incurred defending A.L.L. *See* Def.'s Mem. 1. Such costs, it explains, constitute supplementary payments under the policy because A.L.L. is WVP's indemnitee. *See id.* at 5–6; ECF No. 32, Def.'s Surresp. 3.

Plaintiff claims "A.L.L. is not an indemnitee for the purposes of the Supplementary Payments" because it is an insured. ECF No. 28, at 2; *see id.* at 3. Indeed, the policy seems to contemplate that an "indemnitee" will not be one of the policy's insureds. It conditions Liberty Mutual's duty to defend an indemnitee on "[t]he indemnitee *and* the insured asking [Liberty Mutual] to conduct and control the defense of that indemnitee . . . ." This suggests the "indemnitee" and "insured" are two different entities. Since A.L.L. is a covered insured, *see* ECF 1, Ex. 2, at 1663, the Court agrees that A.L.L. is not an "indemnitee" as the term is used in the policy.

One district court has reached a similar conclusion. In Roy Anderson Corporation v. Transcontinental Insurance Company, the court addressed whether a party was an "indemnitee" under an insurance policy. *See* 358 F. Supp. 2d 553, 562 (S.D. Miss. 2005). Because a provision of the policy made the party an "additional insured," the court concluded the party was not an "indemnitee." *See id.* at 562–63.

---

[3] When citing to a specific page of this document, the Court uses the page number found on the top right-hand corner of the page.

Defendant argues *Roy Anderson* is inapposite because the defendant "relied on its supplementary payment provision as a coverage exclusion," whereas here, "Defendant shows . . . that the Supplementary Payment Provision . . . mandates recovery of defense costs from a different entity . . . ." Def.'s Surresp. 5. The Court disagrees. Regardless of the import of the *Roy Anderson* holding, it addressed the same issue now before this Court.

Defendant also argues A.L.L. is an "indemnitee" under the policy because it is an indemnitee under its contract with WVP. *See id.* at 3. As Defendant points out, the policy only covers A.L.L. to the extent WVP must provide coverage. In Defendant's view, this means A.L.L.'s status as an indemnitee under its contract with WVP carries over to WVP's insurance policy. The Court is unpersuaded. Nothing in A.L.L.'s contract with WVP circumscribes WVP's duty to provide coverage in the way Defendant suggests. There is no provision, for example, stating WVP need not provide coverage unavailable to "indemnitees" under the terms of its insurance policy.

Since A.L.L. is not an "indemnitee" under the policy, costs and attorney's fees incurred defending A.L.L. are not "supplementary payments." Accordingly, the policy obligates Liberty Mutual to pay for defense costs and fees Plaintiff incurred before Liberty Mutual assumed A.L.L.'s defense. *See* Syl. Pt. 1, *Aetna Cas. & Sur. Co. v. Pitrolo*, 342 S.E.2d 156 (W. Va. 1986).

### CONCLUSION

The Court **DECLARES** that Liberty Mutual's duty to defend A.L.L. arose once Ms. Smith sued A.L.L. It further **DECLARES** that Liberty Mutual may be required to reimburse The Charter Oak Fire Insurance Company for any defense costs and fees Charter Oak incurred defending A.L.L. from Ms. Smith's action.

The parties have indicated an additional dispute between the parties remains but will not be ripe until Ms. Smith's claims against A.L.L. are resolved. *See* ECF No. 22. Accordingly, the

Court **DIRECTS** the parties to confer and file a joint memorandum, **on or before August 3, 2026**, advising the Court on how it should proceed.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:       July 20, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

5